IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RAY PEREZ,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CITIMORTGAGE, INC. BY AND THROUGH ITS SERVICING AGENT, CENLAR, FSB,<br><br>　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§  Cause No. 5:22-cv-1233<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Citimortgage, Inc. ("Citi") files this Notice of Removal pursuant to 28 USC §§ 1441 and 1446. This Notice of Removal is signed by the undersigned attorney for Citi pursuant to Rule 11 of the Federal Rules of Civil Procedure. This matter is removed from the 225th Bexar County District Court.

Bexar County Litigation

1.　　Citi is named as a Defendants in a civil action pending in the 225th District Court of Bexar County, Texas under cause number 2022-CI-14315 styled *Ray Perez v. Citimortgage, Inc. by and through its Servicing Agent, Cenlar, FSB*. The San Antonio Division of the United States District Court for the Western District of Texas is the district and division which should consider this litigation. 11 U.S.C. §124(d)(4).

2.　　The instrument commencing the litigation in Bexar County District Court was Plaintiff's Application for Temporary Restraining Order and Supporting Affidavit, filed on August 1, 2022. To-date, Citi has not been served with a citation or summons. This removal is filed within

the time frame contemplated under the removal statute, 28 U.S.C. §1446, and is timely.

3. On August 1, 2022, the Bexar County District Court signed a temporary restraining order, restraining foreclosure on Bexar County realty that is the basis of this proceeding. An order subsequent to the temporary restraining order set a hearing for entry of a temporary (preliminary) injunction for September 7, 2022 before the "virtual presiding Court, Room 1.09, Bexar County Courthouse, 100 Dolorosa, San Antonio, Texas.

### Short and Plain Statement of the Grounds for Removal

- Citizenship of Citi

4. The action removed by Citi is a civil action brought in a State court of which the district courts of the United States have original jurisdiction. This Court has original subject matter jurisdiction over this proceeding pursuant to 28 USC §1332 (a) – Diversity of Citizenship. Plaintiff, Ray Perez, is a citizen of the State of Texas.

5. Citi is a corporation. Allegations regarding the citizenship of a corporation must set out the principal place of business of the corporation as well as the state of its incorporation. *Neeley v. Bankers Tr. Co. of Tex.,* 757 F.2d 621, 634 n.18 (5th Cir. 1985); see also 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"). Citi is incorporated under the laws of the state of New York. Citi's principal place of business is O'Fallon Missouri.

- Amount in Controversy

6. This case involves the rights of the parties related to a mortgage loan secured by Bexar County, Texas realty. Plaintiff asserts no liquidated damages in his pleading to the Bexar County District Court. Plaintiff claims that Citi breached contractual duties allegedly owed to

Plaintiff by Citi. The duties allegedly breached appear to be related to or stem from a mortgage loan extended by Citi to Ray Perez, a loan collateralized by Bexar County realty located at 313 La Garde, San Antonio TX 78223.

7. *Farkas v. GMAC Mortg., L.L.C.,* 737 F.3d 338, 341 (5th Cir. 2013), was an action where Plaintiff, much like the Plaintiff here, sought damages, declaratory judgment, and injunctive relief. In reviewing the elements needed to satisfy the amount in controversy requirement for diversity jurisdiction, the Fifth Circuit reiterated existing law, noting that in actions seeking declaratory or injunctive relief, for diversity jurisdiction purposes, the amount in controversy is measured by the value of the object of the litigation, citing the United States Supreme Court's opinion in *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977). The *Farkas* court held that in actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy. *Farkas* at 341, citing *Garfinkle v. Wells Fargo Bank,* 483 F.2d 1074, 1076 (9th Cir.1973).

8. The Bexar County Appraisal District values the property at issue with an assessed value of $168,047.00. Based on Plaintiff's pleaded claims, filtered through the precedent cited, diversity jurisdiction is established.

### Processes, Pleadings and Orders

9. The following papers and documents filed in the Bexar County District Court action are attached:

- Register of Actions (Docket Sheet).

- Plaintiff's Application for Temporary Restraining Order and Supporting Affidavit with Temporary Restraining Order;

- Rule 11 Letter Agreement

- Order Setting Hearing on Preliminary injunction

WHEREFORE, Defendant Citi hereby removes this action from the 225th Bexar County, Texas District Court to the United States District Court for the Western District of Texas, San Antonio Division, for further proceeding and final adjudication as provided by law.

Respectfully submitted,

ALDRIDGE PITE, LLP

_____
Robert L. Negrin, SBOT 14865550
701 N. Post Oak Road, Suite 205
Houston, TX 77024
Telephone: (713) 293-3650
Facsimile: (858) 412-2798
rnegrin@aldridgepite.com
ATTORNEY FOR DEFENDANT
CITIMORTGAGE, INC.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Notice of Removal was served on the following parties/counsel of record pursuant to the Federal Rules of Civil Procedure on November 10, 2022.

John E. Serna
3010 Hillcrest Dr, Suite "B"
San Antonio, Texas 78201

_____
Robert L. Negrin